NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS CARDONA ALVAREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-72754 Agency No. A206-262-875 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Jose Luis Cardona Alvarez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order declining to remand

and dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and denying a motion to terminate. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In his opening brief, Cardona Alvarez does not challenge the agency's dispositive determination that his asylum application was untimely and he failed to establish an exception to the one-year deadline. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Cardona Alvarez's asylum claim fails.

Substantial evidence supports the agency's determination that Cardona Alvarez failed to establish that the harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"). Thus, Cardona Alvarez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Cardona Alvarez failed to show it is more likely than not he would be tortured by

or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In his opening brief, Cardona Alvarez does not raise any argument challenging, and therefore waives, the agency's denial of his motion to terminate and the BIA's determination that remand related to cancellation of removal was not warranted. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**

20-72754